# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:26-cv-00015-MR-WCM

| | |
|---|---|
| PRESIDENTIAL CANDIDATE<br># P60005535, a/k/a RONALD<br>SATISH EMRIT,<br><br>            Plaintiff,<br><br>    vs.<br><br>MARIA CHERNIAVSKA OF WARSAW,<br>POLAND (FUTURE FIRST LADY OF<br>UNITED STATES BY 2028 IN A<br>PARALLEL UNIVERSE), et al.,<br><br>         Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **O R D E R** |

**THIS MATTER** is before the Court for initial review of the Plaintiff's Complaint [Doc. 1] and on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

The Plaintiff Ronald Satish Emrit, proceeding *pro se*, seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 2]. Upon review of the Application, it appears that the Plaintiff lacks the ability to pay the required filing fee. Accordingly, the Court finds that the Application should be granted.

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A. A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'").

In his Complaint, the Plaintiff asserts claims of defamation, invasion of privacy, and intentional infliction of emotional distress on behalf of former President William Jefferson Clinton and current President Donald J. Trump. [Doc. 1 at 8-10]. The Plaintiff's Complaint is frivolous, irrational and unintelligible. As such, the Plaintiff's claims are legally baseless and present no cognizable basis upon which the Court can grant any relief. The Court has inherent authority to dismiss a frivolous action *sua sponte.* See Ross v.

<u>Baron</u>, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing <u>Mallard v. United States Dist. Ct. for S.D. of Iowa</u>, 490 U.S. 296, 307-08 (1989)).  Accordingly, in the exercise of its discretion, the Court will dismiss this action as frivolous.

The Plaintiff was previously warned that federal courts have the authority to limit frivolous filings.  <u>See</u> <u>Emrit v. Bank of Am., Inc.</u>, No. 3:13cv547-RJC-DSC, 2013 WL 12092236, at *2 (W.D.N.C. Oct. 7, 2013) (Conrad, J.).  A pre-filing review system is not a sanction which is imposed lightly.  The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."  <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted).  In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions."  <u>Id.</u>  "Ultimately,

the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. A cursory review of PACER reveals that the Plaintiff has filed hundreds of frivolous, vexatious lawsuits in district courts across the United States. These filings are extremely burdensome, as they have caused courts to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff to this Court in the future will be pre-screened by the Court for content. Any proposed filings that are not

4

made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED.**

(2) The Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as frivolous.

(3) Within fourteen (14) days of the entry of this Order, the Plaintiff shall file a single document, not to exceed three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: January 16, 2026

Martin Reidinger
Chief United States District Judge

6